IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID A. TAYLOR,** | : | Civ. No. 1:08-2324 |
| **Plaintiff** | : | |
| v. | : | |
| **BRUCE K. BARCLAY,** | : | (J. Rambo) |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is Defendant's motion for judgment on the pleadings. (Doc. 8.) The motion had been fully briefed, and is now ripe for disposition. For the reasons that follow, the motion will be denied.

**I.      Background**

    **A.      Facts**[1]

Before the court is a case involving the alleged surreptitious monitoring of Plaintiff's computer activity by Defendant.[2] The facts show that sometime around August of 2007, Defendant purchased a laptop computer for Plaintiff after Plaintiff's own laptop was damaged. (Doc. 1, ¶¶ 8, 9.) Before giving Plaintiff the computer,

---

[1] Because this is a motion for judgment on the pleadings, all facts will be taken in the light most favorable to the Plaintiff as he is the party against whom the motion has been brought. *Allah v. Al-Hafeez,* 226 F.3d 247, 249 (3d Cir. 2000).

[2] Plaintiff in this case is David A. Taylor, a resident of Astoria, New York. (Doc. 1, ¶ 2.) Defendant is Bruce A. Barclay, a resident of Cumberland County, Pennsylvania. (*Id.* ¶ 3.) It appears the parties had a social relationship and that Plaintiff would often visit Defendant's residence during the 2007-2008 time period.

Defendant allegedly installed a program called eBlaster which monitors all activity on the laptop and sends Defendant a periodic report. (*Id.* ¶¶ 12, 14.) Plaintiff alleges that this program sent Defendant reports relaying everything from Plaintiff's instant messaging and email conversations to web sites he visited and his banking transactions. (*Id.* ¶ 12.) Plaintiff did not give Defendant permission to install this software, nor was he aware that the software had been installed and that Defendant was apparently monitoring his online activity. (*Id.* ¶¶ 13, 15.)

Sometime during the spring of 2008, Plaintiff learned that Defendant may have been video recording guests at Defendant's home engaging in sexual activity. (Pl.'s Br. in Supp. of Resp. to Mot. for J. on Pleading, Doc. 3, at 3 of 41.) After Plaintiff became aware of this, Defendant approached him with a "Settlement Agreement and Mutual Release" (the "Release"). The Release stated, in relevant part:

> David Taylor, for himself his legal representatives and his successors, expressly releases Bruce Barclay, and his legal representatives, assigns and successors, from all liability, claims, demands for income and any and all liability for claims arising out of any activity that occurred at the house at 253 Brindle Road in Mechanicsburg, Pennsylvania, during the time of January, 2007 through April 30, 2008.

(Doc. 10-2, at 2.) It was during this time that eBlaster was installed on Plaintiff's laptop. (Pl.'s Br. in Supp. of Resp. to Mot. for J. on Pleading, Doc. 3, at 4 of 41.) In addition, Defendant agreed to pay Plaintiff $2,000. (Doc. 10-2, ¶ 1.) Both parties signed the Release on May 25, 2008. (*Id.*) Sometime shortly thereafter, the Pennsylvania State Police contacted Plaintiff and informed him that Defendant had installed eBlaster on his computer. (Pl.'s Br. in Supp. of Resp. to Mot. for J. on Pleading, Doc. 3, at 3 of 41.)

## B. Procedural History

On December 30, 2008, Plaintiff filed a complaint alleging invasion of privacy and violations of the Federal and Pennsylvania Wiretap Acts.[3] On January 27, 2009, Defendant filed an answer with affirmative defenses claiming the Release signed by both parties absolves him of any liability. (Doc. 4.) On March 9, 2009, Defendant filed a motion for judgment on the pleadings and a brief in support. (Docs. 8, 9.) On April 1, 2009, Plaintiff filed a response to Defendant's motion. (Doc. 12.) No reply by Defendant was filed and the motion is now ripe for disposition.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(c), once the pleadings are closed a party may move for judgment on the pleadings "within such time as to not delay the trial." Fed. R. Civ. P. 12(c).[4] The standard of review for a motion for judgment on the pleadings is identical to that of the motion to dismiss under Federal Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *Cannon v. United States*, 322 F. Supp. 2d 636, 636 (W.D. Pa. 2004); *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 496 (E.D. Pa. 2001).

---

[3] It is unclear, and need not be decided here, whether a private right of action exists under either the Federal or the Pennsylvania Wiretap Act.

[4] Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .

3

The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings. 2 Moore's Federal Practice Civil § 12.38 (2004). Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic." *Christy v. We The People Forms & Serv. Ctrs.*, 213 F.R.D. 235, 238 (D.N.J. 2003); *see Smith v. City of Philadelphia,* 345 F. Supp. 2d 482, 485 (E.D. Pa. 2004) ("A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") (citing *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995)).

Therefore, just as required by a motion to dismiss, the court will draw the facts and inferences presented in the pleadings in the "light most favorable to the nonmoving party." *Allah v. Al-Hafeez,* 226 F.3d 247, 249 (3d Cir. 2000); *Turbe,* 938 F.2d at 428; *see also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988). The court will only grant a motion for judgment on the pleadings if "the movant clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005) (citations omitted).

### III.     Discussion

Defendant contends that the Release signed by the parties on May 25, 2008, absolves him of any liability. Plaintiff counters that the Release only pertains to claims the Plaintiff might have with regard to video recordings the Defendant may

4

have made and does not cover the installation of eBlaster on Plaintiff's computer or any information received because of eBlaster. The court agrees that the Release does not cover the installation of eBlaster by the Defendant, and will therefore deny Defendant's motion.

> As the Third Circuit has recognized,
>
> A long line of Pennsylvania cases has held that a release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given. Accordingly, the general words of the release will not be construed so as to bar the enforcement of a claim which has not accrued at the date of the release.

*Camiolo v. State Farm Fire and Cas. Co.*, 334, F.3d 345, 360 (3d Cir. 2003) (quoting *Restifo v. McDonald*, 230 A.2d 199, 201 (1967)). In addition, "Pennsylvania's general rule is that the intention of the parties must govern" a release. *Id.* (internal citations omitted). However, the intention of the parties and "the effect of a release is it be determined by the ordinary meaning of its language." *Id.* (quoting *Republic Inc. Co. v. Davis Systems of Pittsburgh S., Inc.*, 670 A.2d 614, 615 (1995).

Plaintiff in this case was not informed until sometime *after* both parties signed the release on May 25, 2008 that eBlaster had been installed on his computer. It is impossible on the facts presented to the court thus far, that Plaintiff could have released any rights he might have with regard to the installation of eBlaster on his computer when he was not aware of the program's installation until sometime after the release was signed. It seems apparent that at the time the release was signed, it was with the understanding that Plaintiff was releasing Defendant from any liability he might have with regard to video footage of the Plaintiff.

5

Furthermore, the plain language of the Release mentions nothing about the computer and expressly says it applies only to "claims arising out of any activity that occurred at the house . . . during the time of January, 2007 through April 30, 2008." (Doc. 10-2, at 33 of 41.) The language of the Release does nothing to indicate that it should be applied to a program installed on Plaintiff's computer which monitors his internet browsing, an activity which took place mainly — if not exclusively — outside Defendant's house. The court refuses to follow Defendant's conclusory argument that "[c]learly, the alleged installation of the surveillance software by Mr. Barclay and the subsequent delivery to Plaintiff was an 'activity that occurred at the house . . .'". (Br. in Supp. of Def.'s Mot. for J. on the Pleadings, Doc. 9, at 6.) Defendant does not allege that Plaintiff knew about the eBlaster installation on May 25, 2008, when he signed the release and therefore it is not "clear" or even presumable, that Plaintiff's intention was to sign away his rights with regard to any claims he may have relating to this information. As such, Defendant's motion will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: November 5, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID A. TAYLOR,** | : | **Civ. No. 1:08-2324** |
| **Plaintiff** | : | |
| v. | : | |
| **BRUCE K. BARCLAY,** | : | **(J. Rambo)** |
| **Defendant** | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion for judgment on the pleadings (Doc. 8) is **DENIED**. A separate order scheduling a case management conference will be issued.

                                                                   s/Sylvia H. Rambo
                                                             United States District Judge

Dated: November 5, 2009.